IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 4:23-cr-134 |
| v. | ) |
| | ) GOVERNMENT'S RESISTANCE TO |
| KENNETH LEROY QUINN, | ) DEFENDANT'S APPEAL OF |
| Also known as, "Coach K," | ) MAGISTRATE JUDGE'S ORDER |
| | ) OF DETENTION |
| Defendant. | ) |

## INTRODUCTION

Defendant, Kenneth LeRoy Quinn, distributed fentanyl pills that ultimately resulted in the death of a one-year-old in April 2023. The next few months, Defendant sold marijuana to an undercover officer on six separate occasions. When a federal search warrant was executed at Defendant's house in November 2023, officers found four loaded firearms, several types of drugs, and evidence of drug distribution. The Magistrate Judge correctly found there are no conditions, or combination of conditions, that would reasonably mitigate the danger Defendant presents to the community. Defendant should remain detained pending trial.

1

## PROCEDURAL HISTORY

On November 17, 2023, Defendant had his initial appearance and arraignment on his Indictment, charging him with Distribution of a Controlled Substance Resulting in Serious Bodily Injury and Death (Count One), and Distribution of a Controlled Substance (counts two and three). (DCD 6.) The government moved to detain Defendant pending trial. (DCD 13.) On November 22, 2023, a detention hearing was held. (DCD 18, 23; *see generally* Detention Hearing Transcript (hereinafter "DH").) Following that hearing, the United States Magistrate Judge entered an Order detaining Defendant pending trial, including a finding that Defendant had not overcome the presumption of detention. (DCD 19.) Defendant now appeals that Order. (DCD 24.)

## FACTS

On April 30, 2023, law enforcement responded to a 911 call regarding the overdose death of a one-year-old. (DH at 5.) The baby died; the cause of death being fentanyl toxicity. (*Id*.) The baby's father was interviewed, and identified his pill source of supply of "Coach K," which was corroborated by text messages. (DH at 6.) The father's phone showed messages between him and "Coach K" regarding drug transactions. (*Id*.) The father identified a photo of Defendant as "Coach K," whom he purchased pills from on April 29, 2023. (*Id*.)

Later, as investigation into Defendant continued, investigators introduced an undercover officer to make controlled buys of marijuana directly from Defendant. (DH at 6.) Specifically, Defendant sold 20 grams or less to the undercover officer on six

separate occasions, including August 24 and September 21, 2023. (DH at 7.) During one buy, the undercover officer specifically asked Defendant about "blues" (fentanyl pills), to which Defendant replied he was staying away from. (*Id*.) During the controlled buys surveillance of Defendant that was conducted, he was observed coming and going from his residence of 3825 1st Street in Des Moines. (*Id*.)

On November 16, 2023, a federal search warrant was executed at Defendant's residence. (DH at 8.) Prior to the execution, officers lured Defendant out of his home by setting up a drug deal with the undercover. (*Id*.) Police took him into custody, and in his possession was 16 grams of marijuana. (*Id*.) During the execution of the warrant, Defendant's grandmother, girlfriend, and mother were all present or arrived on scene. (*Id*.) In the basement area, identified as Defendant's bedroom, officers located four loaded firearms – an AR-15 rifle, a Sig Sauer 380, a Springfield XD-M 9mm, and an H&K .40 caliber, all of which had a round chambered. (DH at 9.) One of the firearms was cocked and ready for firing. (*Id*.) Officers also seized approximately 2,000 grams of marijuana, 20 grams of cocaine, 28 grams of methamphetamine, 20 THC cartridges, marijuana edibles, fentanyl test strips and Narcan in the same basement area as the firearms. (*Id*.) Also found was a credit card in the name of "Coach K." (DH at 9-10.)

**LEGAL STANDARD**

In appeals of detention or release orders pursuant to 18 U.S.C. § 3145, a district court reviews the magistrate judge's order *de novo*. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Maull*, 773 F.2d 1479, 1481 (8th

Cir. 1985). "[E]ither danger to the community or risk of flight is sufficient to authorize detention." *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). Although the government generally bears the burden of showing risk of non-appearance or danger to the community,[1] there are certain crimes that create a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3). One such crime is a violation of 21 U.S.C. § 841(b)(1)(C), which Defendant here is charged with. 18 U.S.C. § 3142(e)(3)(B).

When a rebuttable presumption applies, "a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (quoting *Mercedes*, 254 F.3d at 436). Pursuant to 18 U.S.C. § 3142(g), the factors to be considered by the court are 1) the nature and circumstances of the crime; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant (including past conduct and whether the defendant was under supervision at the time of the current offense or arrest); and 4) the seriousness of the danger to the community. 18 U.S.C. § 3142(g).

---

[1] The government must prove dangerousness to the community by clear and convincing evidence and risk of non-appearance by preponderance of the evidence. 18 U.S.C. § 3142(c), (e)-(f).

"The defendant, not the Court or the Probation Office, bears the burden of production 'by coming forward with evidence he does not pose a danger to the community or risk of flight.'" *Abad*, 350 F.3d 797. "The serious nature and circumstances of an offense may alone suffice to warrant detention on the grounds of dangerousness." *Id.* at 798. Additionally, "[h]ome detention, family assurances, and electronic monitoring are not sufficient to provide reasonable assurances against flight in the face of strong evidence of a flight risk or danger to the community." *Id.* at 799 (internal citations omitted)).

Pursuant to 18 U.S.C. § 3142(g), the factors to be considered by the court are 1) the nature and circumstances of the crime; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant (including past conduct and whether the defendant was under supervision at the time of the current offense or arrest); and 4) the seriousness of the danger to the community. 18 U.S.C. § 3142(g).

**ARGUMENT**

There is no condition or combination of conditions that will reasonably assure the safety of the community upon Defendant's release. The nature and circumstances of the charged crimes are serious and the evidence against Defendant is strong. Additionally, Chief Magistrate Judge Adams found that Defendant had not overcome the presumption of detention. (DCD 19.)

First, Defendant distributed a quantity of fentanyl pills to a user in April. Later that day, the user's baby then ingested one of the pills and tragically died as a

5

result. There is no way to adequately explain the seriousness of this conduct. But that only scratches the surface, as Defendant then sold marijuana to an undercover officer on six separate occasions. And finally, during a search warrant at Defendant's residence, where his girlfriend, mother, and grandmother were located, Defendant possessed what can only be described as an arsenal of firearms and distribution quantities of several drugs (marijuana, cocaine, methamphetamine). Dealing several types of drugs, possessing several types and quantities of drugs, and possessing multiple loaded firearms should, and did, give the Court pause as to Defendant's dangerousness and whether Defendant has any intention of following the Court's conditions.

The weight of the government's evidence on the charges is strong. The facts underlying the charges were outlined in detail at the detention hearing. (*See generally* DH.)

Defendant's history and characteristics also support the Magistrate Judge's detention order. As noted by the Magistrate Judge in the detention order, Defendant was on probation for similar State of Iowa charges of person ineligible to carry a weapon and possession of marijuana. (DCD 16; 19.) His inability to follow rules of probation, for a crime somewhat similar to the ones he is now facing, seriously calls into question his intentions to follow the rules of the probation office and appear at future hearings. (*Id.*)

Despite Defendant's claim in his appeal that he has employment he can return to, the Probation Office could not confirm the company he worked for even existed

and his girlfriend, who he wants to live with, was unable to confirm Defendant's employment. (DCD 16.) Defendant's proposal to live with his girlfriend or his aunt were wholly rejected, as they should have been, by the United States Magistrate Judge. The plans are insufficient under any circumstances, but especially given the circumstances present here.

Based on all of the above, as well as the information at the detention hearing, Defendant poses a serious danger to the community that cannot be reasonably mitigated by conditions of release. Defendant proposes release to environments that would not provide him with enough structure or supervision. As found by the Magistrate Judge in her well-reasoned Order, detention is the only option that adequately addresses Defendant's danger to the community. He should remain in United States Marshals custody pending trial.

## CONCLUSION

The Court should deny Defendant's appeal and order Defendant detained pending trial.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: /s/ *Mallory E. Weiser*
Mallory E. Weiser
Assistant United States Attorneys
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Phone: (515) 473-9300
Email: mallory.weiser@usdoj.gov

7

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail _____ Fax \_\_\_\_\_Hand Delivery

\_\_X\_\_ECF/Electronic filing \_\_\_\_Other means

UNITED STATES ATTORNEY
By: _/s/ Mallory Weiser, AUSA_