IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | Criminal No. 4:23-cr-134 |
| v. | ) ) ) | |
| KENNETH LEROY QUINN | ) | GOVERNMENT'S SENTENCING |
| Defendant. | ) ) ) | MEMORANDUM |

## INTRODUCTION

On April 30, 2023, J.B., a one-year-old, died of a fentanyl overdose. The day prior, Defendant sold counterfeit pills containing fentanyl to one of his customers, J.B.'s dad. Later that evening, J.B. got into the pills, dumping them onto the floor and put one in his mouth. Defendant's actions – selling deadly fentanyl pills – led to the child's untimely death. Then, a search of Defendant's home in the fall of 2023 resulted in the seizure of various drugs and multiple firearms. Due to the dangerousness of his actions, Defendant should be sentenced to a guideline term of imprisonment.

## PROCEDURAL BACKGROUND

On December 13, 2024, a Grand Jury in the Southern District of Iowa returned a Superseding Indictment, charging Defendant with six counts: Distribution of a Controlled Substance Resulting in Death or Serious Injury, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C) (Count 1); Distribution of a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) (Counts 2 and 3); Possession with Intent to Distribute a Controlled

Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), 841(b)(1)(B) (Counts 4 and 5); and Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count 6).

On August 6, 2024, Defendant pleaded guilty to Count One of the Superseding Indictment, that is Distribution of a Controlled Substance Resulting in Death or Serious Injury, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C). The government will dismiss the remaining counts at the time of sentencing. Defendant agreed to forfeiture and restitution as a part of his plea agreement.

Sentencing is scheduled for January 16, 2025. (R. Doc. 60, 63.) There are no issues to be resolved at the time of sentencing by the Court other than the ultimate sentence.

## ADVISORY GUIDELINESS RANGE

The Guideline calculations are as follows:

Count One (Possession with Intent to Distribute a Controlled Substance):

| | |
|---|---|
| Base Offense level USSG §2D1.1 | 38 |
| Dangerous weapon USSG §2D1.1(b)(2) | 2 |
| Acceptance of responsibility | -3 |
| Total offense level: | 37 |
| Criminal history: | I |
| Guideline range: | 210-262 months' imprisonment |
| Mandatory minimum: | 240 months' imprisonment |

## § 3553(a) FACTORS SUPPORT A GUIDELINE SENTENCE

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1.  the nature and circumstances of the offense and history and characteristics of the defendant;
2.  the need for the sentence imposed -
    A.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B.  to afford adequate deterrence to criminal conduct;
    C.  to protect the public from further crimes of the defendant; and
    D.  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3.  the kinds of sentences available;
4.  the guideline sentencing range;
5.  any pertinent policy statement;
6.  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7.  the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a guideline sentence of imprisonment.

In April 2023, a tragedy occurred. J.B., a one-year-old child, died from acute fentanyl toxicity. On April 29, 2023, Defendant sold fentanyl pills to a user/addict who was a regular customer of his, Jacob Ballard (hereinafter "Ballard"), at a Walgreens on Euclid Ave., Des Moines, Iowa. This was a regular meeting location for the pair. After purchasing the pills, and ingesting two of them, Ballard went home to his apartment that he shared with his fiancée and their one-year-old son, J.B. Once home, Ballard took a couple more pills and went to the bedroom to play video games. Around 7:00 p.m., Ballard left the bedroom and upon his return, he found J.B. standing by the computer desk with the baggie of fentanyl pills. The pills were

dispersed on the floor. One pill felt wet, so Ballard forced J.B. to spit up/throw up. Appearing fine, the couple did not call 911 or seek medical assistance for J.B. at that time.

In the early hours of the next morning, 911 was dispatched to Ballard's apartment in reference to J.B. overdosing. EMS noted J.B. unresponsive, pale with no pulse and administered Narcan. J.B. remained unchanged. J.B was taken to Blank Children's Hospital where CPR and live-saving measures continued. J.B. was pronounced dead at 1:30 a.m. on April 30, 2023. An autopsy revealed that the child's cause of death was acute fentanyl toxicity.

Following the identification of the Defendant as the distributor of fentanyl, extensive surveillance of Defendant and his residence commenced, as well as six controlled buys of marijuana.

On November 16, 2023, law enforcement arrested Defendant during a "ruse" marijuana controlled buy. That same day, pursuant to a federal search warrant, law enforcement searched defendant's residence in which they found all the trappings of a well-armed drug dealer: four firearms, empty firearm cases, and ammunition, loaded magazines, 2,300 grams of marijuana, marijuana blunts, $1,120 cash, 28.1 grams of methamphetamine, 20.7 grams of cocaine, miscellaneous pills, TCH cartridges, digital scales, vacuum seal packaging, fentanyl tests strips, Narcan and miscellaneous drug paraphernalia.

The dangerousness of defendant's conduct of distributing fentanyl cannot be overstated – and the worst possible outcome occurred in this case. Fentanyl is the

deadliest drug threat the United States has ever faced, killing 38,000 Americans in the first six months of 2023 alone.[1] Accidental overdose is the number one cause of death for U.S. residents under 40 years old in 37 states.[2] Not only did Defendant have in his possession numerous forms of controlled substance, but he also possessed mutliple firearms and ammunition.  As this Court is well aware, drugs and guns do not mix.  Importantly, this was well after the death of J.B. in April 2023. The governmet is unaware whether Defendant knew of J.B.'s death – but this illustrates that he was distributing various drugs for several months in 2023.

Defendant has minimal criminal history.  While his childhood was not abusive or volitile, his family struggled financially and emotionally after his father was incarcerated for murder.  He routinely witnessed gang violence, drive-by shootings and people getting "high" which eventually all became quite normal to Defendant.

## RESTITUTION

Under Title 18, United States Code, Section 3663, a district court may order restitution to a victim of an offense, "or if the victim is deceased, to the victim's estate," when imposing a sentence for conviction under 21 U.S.C. Section 841, unless the person was a participant in the offense. *See United States v. Nossan*, 647 F.3d 822, 827 (8th Cir. 2011) (citing 18 U.S.C. § 3663(a)(1)(A)). Pursuant to Section 3663(3)(b)(3), the defendant "in the case of an offense resulting in bodily injury also

---

[1] https://www.dea.gov/sites/default/files/2024-05/NDTA_2024.pdf?utm_medium=email&utm_source=govdelivery

[2] https://iowacapitaldispatch.com/2023/09/05/death-rates-for-people-under-40-haveskyrocketed-blame-fentanyl/.

results in the death of a victim, pay an amount equal to the cost of necessary funeral and related services".

The victim's family is requesting restitution in the amount of $1,847.50 for funeral services. (Gov. Ex. 1.) The government respectfully requests the Court order restitution in the amount of $1,847.50 to the victim's family. A victim impact statement and photo are also attached to this filing under seal (Gov. Exs. 2, 3).

## CONCLUSION

A guideline term of imprisonment is necessary to reflect the seriousness of the offense – the death of a one-year-old – promote respect for the law, and to deter Defendant's future criminal conduct. Based on the foregoing, the government recommends a guideline term of imprisonment.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/Mallory E. Weiser*
Mallory E. Weiser
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut St., Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: mallory.weiser@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on January 13, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:
_____U.S. Mail _____ Fax _____Hand Delivery

_X___ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY
By: */s/Janna Colvin, Paralegal Specialist*